IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH P. CENDER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CASE NO. 2:18-CV-667-MHT ) |
| DENNIS MEEKS, et al., | ) ) |
|     Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined in the Covington County Jail, filed this 42 U.S.C. § 1983 complaint challenging actions with respect to scheduling a probation revocation hearing. However, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk at Covington County Jail regarding the average monthly deposits and average monthly balance in his inmate account for the six month period prior to filing this case. Thus, the pleadings filed by Plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of fees in this cause of action.

Based on the foregoing, the court entered an order requiring Plaintiff to "file either the appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by a prison account statement from the account clerk at the Covington County

Jail showing the average monthly balance in plaintiff's prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months *or*, if he does not seek *in forma pauperis* treatment, the $400 filing/administrative fees." Doc. 2 at 1–2 (emphasis in original). The order specifically cautioned Plaintiff "that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed." Doc. 2 at 2. The time for Plaintiff to file a response expired on August 3, 2018.

As of the present date, Plaintiff has failed to file the requisite financial information. Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of Plaintiff to file necessary financial information as ordered by this court.

On or before **August 21, 2018**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of August, 2018.

    /s/    Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE